STATE OF CONNECTICUT *v.* JOSEPH J. FARRICIELLI

STATE OF CONNECTICUT *v.* HAMDEN
SALVAGE, INC.

STATE OF CONNECTICUT *v.* HAMDEN
SAND AND STONE, INC.

STATE OF CONNECTICUT *v.* TIRE SALVAGE, INC.
(AC 21759)

Foti, Mihalakos and Dranginis, Js.

Argued April 22—officially released July 9, 2002

1

*Maureen O'Doherty*, for the appellants (defendants).

*Tamberlyn Conopask*, assistant state's attorney, with whom were *Margaret Gaffney Radionovas*, senior assistant state's attorney, and, on the brief, *Michael Dearington*, state's attorney, and *Robert M. Spector*, assistant state's attorney, for the appellee (state).

### Opinion

FOTI, J. The defendants in these consolidated criminal cases appeal following the trial court's denial of their motion to dismiss the charges against them.[1] We affirm the trial court's denial of the motion.

The following facts underlie the claim before us. In July, 1999, counsel from the office of the attorney general, on behalf of the commissioner of environmental protection (commissioner), instituted a civil action against the defendants and several other parties. The commissioner alleged that the defendants had violated various solid waste management and water pollution laws. In September, 2001, the trial court rendered judgment in the commissioner's favor and, inter alia, ordered the defendants to complete specific remedial measures, enjoined the defendants from engaging in certain conduct and required the defendants to obtain regulatory approval before conducting certain activities. The court also imposed a $1,380,900 civil penalty under General Statutes § 22a-226 for solid waste viola-

---

[1] The four defendants involved in this appeal are Joseph J. Farricielli; Hamden Salvage, Inc.; Tire Salvage, Inc.; and Hamden Sand and Stone, Inc. Our use of the term defendants in this opinion refers to these four defendants.

tions and a $955,900 civil penalty under General Statutes § 22a-438 for water pollution violations.[2]

In November, 1999, the state charged the defendants with criminal violations of several of the state's environmental laws.[3] In January, 2001, the defendants filed a motion to dismiss the criminal charges against them on double jeopardy grounds. The court denied the defendants' motion, and the defendants thereafter filed this interlocutory appeal. On appeal, the defendants argue that the civil action against them arose from the same conduct on which the state based its criminal charges and that the civil action constituted a previous prosecution for any such wrongdoing. Specifically, the defendants argue that the sanctions imposed on them under § 22a-226, despite the fact that they were imposed in a civil proceeding, were criminal in nature. They argue that the double jeopardy protections afforded them by the fifth and fourteenth amendments to the constitution of the United States and article first, §§ 8 and 9, of the constitution of Connecticut, preclude the state from prosecuting the matter. We agree with the court that the continued criminal prosecution of the defendants would not violate the double jeopardy protections of the United States and Connecticut constitutions.

We first set forth our standard of review. "Our standard of review of a trial court's . . . conclusions of law in connection with a motion to dismiss is well settled. . . . [W]here the legal conclusions of the court

<hr>

[2] The zoning enforcement officer for the town of Hamden (town) also was a plaintiff in the civil action against the defendants. The town brought an action against the defendants for violations of its regulations. The court awarded the town, in addition to other equitable relief, statutory fines and penalties totaling $1,416,910.

[3] Specifically, the state charged that the defendants had violated General Statutes §§ 22a-208a, 22a-208c, 22a-225, 22a-226a, 22a-427, 22a-430 and 22a-438 (b).

are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts. . . . Thus our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Johnson*, 67 Conn. App. 299, 308, 786 A.2d 1269 (2001), cert. denied, 259 Conn. 918, 791 A.2d 566 (2002).

It is well settled that a defendant may face both criminal and civil sanctions for the same conduct. The double jeopardy clause "protects only against the imposition of multiple *criminal* punishments for the same offense . . . ." (Emphasis added.) *Hudson* v. *United States*, 522 U.S. 93, 99, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997). The issue before us is whether the sanctions available under § 22a-226 are civil or criminal in nature. If they fall into the latter category, the continued prosecution would violate the defendants' double jeopardy rights.

This court, in *State* v. *Duke*, 48 Conn. App. 71, 708 A.2d 583, cert. denied, 244 Conn. 911, 713 A.2d 829 (1998), applied a two part analysis to determine if a sanction is criminal or civil in nature for purposes of double jeopardy. The first part of the analysis focuses on whether the sanction, by its nature, is punitive or remedial. Among the factors to consider in this analysis are whether "(1) it involves an affirmative disability or restraint, (2) it has historically been regarded as a punishment, (3) it comes into play only on a finding of scienter, (4) its operation will promote the traditional aims of punishment, i.e., retribution and deterrence, (5) the behavior to which it applies is already a crime, (6) an alternative purpose to which it may rationally be connected is assignable for it, and (7) it appears excessive in relation to the alternative purpose assigned." Id., 75.

The second part of the analysis comes into play if the legislature has in some way indicated its intention

that the sanction be remedial in nature. In such a case, a "further inquiry is made to determine whether 'the clearest proof' has been shown that the statutory scheme is so punitive as to negate that intention." Id.

We conclude, as did the trial court, that § 22a-226 is civil in nature and that the sanctions applicable under the statute serve predominantly remedial and compensatory interests. The statute permits the imposition of both monetary and remedial sanctions. These types of sanctions have not historically been regarded as punishment for criminal acts. The maximum monetary sanctions available under the statute, up to $25,000 per day, do not appear to be either retributive or excessive in light of the environmental concerns implicated under the statute. The statute permits the court to treat each day's continuance of offending conduct as a separate and distinct offense, thereby permitting the ultimate award of monetary damages to be commensurate with the duration and impact of the offensive conduct. The statute does not provide for affirmative disability or restraint. Further, sanctions under the statute are not applicable only upon a finding of scienter. The statute applies to "[a]ny person who violates" an applicable solid waste law, regulation, permit or order to which it applies.[4]

The defendants point out that the conduct to which § 22a-226 applies may also be criminal. In this case, the same conduct formed the basis for the criminal charges under General Statutes § 22a-226a. This "same conduct" consideration, however, is not dispositive and does not render criminal the sanction provided by the statute. See *Hudson* v. *United States*, supra, 522 U.S. 105. Further, the defendants argue that the sanctions impose

[4] We compare this language with that of General Statutes § 22a-226a, which imposes criminal liability on "[a]ny person who *knowingly* violates" an applicable law, regulation, permit or order. (Emphasis added.)

punishment because they serve mainly retributive or deterrent goals. Section 22a-226 (b) permits the court to enjoin violators and to "order remedial measures to prevent, control or abate pollution." General Statutes § 22a-226 (b). This demonstrates the remedial or curative character of the sanctions available under the statute. The legislature reasonably could have concluded that significant monetary sanctions were necessary to remedy environmental harm, that they would motivate violators to cease their activities, and that such sanctions would act as a general deterrent for these defendants and others who violate our solid waste management laws.

Despite the fact that the statute's monetary penalties undoubtedly achieve a deterrent purpose, we nonetheless conclude that this effect does not cause us to view the statute as imposing a criminal sanction. Deterrence is a traditional goal of criminal punishment, but deterrence may serve civil goals and does so in this case. As the United States Supreme Court has recognized, "all civil penalties have some deterrent effect. . . . If a sanction must be 'solely' remedial (i.e., entirely nondeterrent) to avoid implicating the Double Jeopardy Clause, then no civil penalties are beyond the scope of the Clause." (Citations omitted.) *Hudson* v. *United States*, supra, 522 U.S. 102. In an effort to enjoin violations of the solid waste management laws, to remedy any environmental destruction occasioned by such violations and to "prevent, control or abate pollution," the imposition of the fines permitted by § 22a-226 serves legitimate remedial goals closely related to the environmental concerns protected by the statute. We do not find the sanctions available under the statute to be excessive in light of this alternate purpose of remediation costs and achieving deterrence.

Turning to the second part of our analysis, we conclude that the legislature's intent as to this statute's

civil character is clearly evident on the face of the statute. Section 22a-226 (a) provides that a violator may be assessed "a civil penalty" to be recovered after the commencement of a "civil action" brought pursuant to the statute by the attorney general. Section 22a-226 (b) provides that a court may enjoin violators from conducting activities that contravene the provisions of the chapter and that the court may, inter alia, "order remedial measures to prevent, control or abate pollution." The defendants have not surmounted the considerable burden of setting forth the "clearest proof" that the sanctions imposed under the statute are "so punitive in form and effect as to render them criminal despite the legislative intent to the contrary." *State* v. *Duke*, supra, 48 Conn. App. 78.

The denial of the motion to dismiss is affirmed.

In this opinion the other judges concurred.